UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**RODNEY HENRY CARTER**                                                                **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:25-CV-23-GNS**

**MICHAEL KEVIN HENDERSON**                                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Rodney Henry Carter initiated the instant *pro se* civil action.  Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 5) is **GRANTED**.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the action will be dismissed.

**I.**

    Plaintiff initiated this action by filing a complaint on general civil complaint form (DN 1). Plaintiff names as Defendant Grayson County Judge-Executive Michael Kevin Henderson. Plaintiff indicates that this Court has federal-question jurisdiction over this action because his "constitutional right are being violated."  In the "Statement of Claim"[1] section of the complaint form, Plaintiff writes, "constitution rights are being denied violated by the defendant refuseing me access to my own county government constitution gives every one right to access government." In the "Relief" section of the complaint form, Plaintiff writes, "75,000 dollars and I ask the court

---

[1] This section of the complaint form directs a *pro se* plaintiff as follows:  "State as briefly as possible the facts showing that [you are] entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused [you] harm or violated [your] rights, including the dates and places of that involvement or conduct." (DN 1, p. 4).

to order Defendant to give me access to my government." The complaint contains no other information.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiff has merely stated that his right to "access the government" is being violated by Defendant. The complaint is devoid of facts. Thus, the Court must dismiss this action because

it does not contain "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**III.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: April 14, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011